**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2, <br><br> Plaintiffs, <br><br> v. <br><br> SAAD EL-DIN RAFIK AL-HARIRI, <br> BAHAA HARIRI, AYMAN HARIRI, <br> MOHAMMED HARIRI, <br> ALI H.KOLAGHASSI, and <br> HELEN CONLON, <br><br> Defendants. | Civil Case No. <br> 1:23-cv-2145-CBA-RML <br><br> *ORAL ARGUMENT* <br> *REQUESTED* |

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FRCP 12

DEREK SMITH LAW GROUP, PLLC
Attorneys for Plaintiffs
One Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760

Plaintiffs Jane Doe 1 and Jane Doe 2 (collectively the "Plaintiffs") respectfully submit this Memorandum of Law in opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P ("FRCP") 12 (b)(1), (b)(2), and (b)(6), for lack of subject matter jurisdiction, personal jurisdiction, and failure to state a claim upon which relief can be granted. As demonstrated herein, Defendants' motion should be denied in its entirety.

## PRELIMINARY STATEMENT

This case involves Defendant S. HARIRI's brutal workplace rape of Plaintiff DOE 2, and multiple instances of false imprisonment, sexual assault, and sexual harassment of both Plaintiffs. Furthermore, it involves the intentional acts of Defendant S. HARIRI's employees and family members who aided and abetted Defendant S. HARIRI's criminal acts. Defendant S. HARIRI, Plaintiffs' former boss at Saudi Oger, the airline that Defendant S. HARIRI owned, sexually assaulted both Plaintiffs and subjected them to an atmosphere permeated with inappropriate sexual contact, coercion, harassment, and demands for sexual favors. Defendant S. HARIRI abused his position of authority in the airline for his own sexual gratification while repeatedly victimizing both Plaintiffs. Defendants BAHAA, AYMAN, MOHAMMED, KOLAGHASSI and CONLON knew that Defendant S. HARIRI engaged in the above-mentioned criminal behavior and facilitated this unlawful scheme. Moreover, Defendants BAHAA, AYMAN, MOHAMMED, KOLAGHASSI and CONLON took no action to prevent the aforementioned unlawful conduct, but rather aided and abetted S. HARIRI's criminal behavior.

## RELEVANT BACKGROUND

As stated by counsel for the Moving Defendants, this matter was initially filed in the Supreme Court of the State of New York, County of Queens ("State Court Action 1") on May 2, 2022. Defendants filed a motion to dismiss on May 3, 2022. The return date on Defendants' motion

to dismiss was extended to June 23, 2022. In light of Governor Kathy Hochul signing New York's "Adult Survivor's Act" under Senate Bill S66A (hereinafter referred to as "ASA") on May 24, 2022, in accordance with CPLR 3217, on June 13, 2022 (prior to Plaintiffs' opposition being due) Plaintiffs filed a notice of voluntary discontinuance.

Significantly, it became apparent that the Court in State Court Action 1 was disregarding Plaintiffs' notice of voluntary discontinuance (as they never acknowledged our submission), and Plaintiffs were never afforded the opportunity to submit briefing (despite our request to do so). See Ex. A. After ignoring Plaintiffs' request to submit briefing, on December 28, 2022, the Court issued a decision granting Defendants' motion. Thus, collateral estoppel is inapplicable as Plaintiff was never provided with a full and fair opportunity to be heard on the issue. Defendants' attempt to invoke collateral estoppel is futile as Plaintiffs were never provided a full and fair opportunity to submit a brief in opposition to Defendants' motion in State Court Action 1. Moreover, the Amended Complaint in this action is markedly different from the complaint filed in State Court Action 1 (whereas the Amended Complaint filed in this case has significantly more allegations pertaining to specific conduct which occurred in New York State).

Notably, in dismissing State Court Action 1, Judge Philip Hom found that the Court had subject matter jurisdiction over Plaintiffs' claims arising under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), together with their claims for negligence, and intentional infliction of emotional distress. Judge Hom found that the Court lacked subject matter jurisdiction over Plaintiffs' claims of aggravated sexual abuse and Gender Motivated Violence Protection Act ("GMVPA") (as these alleged acts occurred outside NYS and United States jurisdiction); however, Plaintiffs' complaint in this action was amended and specifically alleges numerous acts that occurred within New York and therefore provide a

sufficient basis for subject matter jurisdiction over these claims. See Am. Compl. ¶¶ 47, 51, 52, 54-56, 62-67, 83-86, 129-133, 151-153, 170-172.

Regarding State Court Action 2 (no index number was assigned), Plaintiffs refiled their complaint under the Adult Survivors Act. Contrary to Defendants' false assertion that the Court "rejected the filing," the Court simply returned the filing (as is customary when filing as Jane Doe) with the instruction that Plaintiffs needed to first submit an Order to Show Cause and RJI before filing anonymously (just as Plaintiffs did in State Court Action 1). Ultimately, Plaintiffs decided to pursue this matter in federal court and never submitted the Order to Show Cause and RJI as requested in State Court Action 2.

If Plaintiffs are unable to bring these claims in the jurisdiction where the conduct occurred, what other venue would be appropriate? Notably, Defendants do not contest venue as they do not seek relief in accordance with FRCP 12(b)(3) – thus, Defendants have waived any argument regarding improper venue in accordance with FRCP 12(h)(1) *et seq*. It would be manifestly unjust to prevent Plaintiffs from litigating these claims in the jurisdiction where the conduct occurred. Accordingly, we respectfully request that Your Honor deny the relief requested by the Moving Defendants.

## ARGUMENT

### STANDARD OF REVIEW

Pursuant to Rule 12(b)(2) "[T]o survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Eades v. Kennedy, PC L. Offs.*, 799 F.3d 161, 167-68 (2d Cir. 2015) (citation omitted). "This prima facie showing must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant."

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint will be dismissed if the plaintiff fails to state a claim upon which relief can be granted. With respect to any factual issues that may arise, a Court must draw all reasonable inferences in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176 (2d Cir. 2013) (quotations and citation omitted); *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). A plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." *Arista Records L.L.C. v. Doe*, 604 F.3d 110, 120-21 (2d Cir. 2010); *see also Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 729-30 (2d Cir. 2013) (accord). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937.

Furthermore, with respect to plausibility, "Because plausibility is a standard lower than probability, a given set of actions may well be subject to diverging interpretations, each of which is plausible." *Anderson News L.L.C. v. Am. Media, Inc.,* 680 F. 3d 162, 184 (2d Cir. 2012). This Court has held that, "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *S.E.C. v. Egan*, 994 F. Supp. 2d 558, 563 (S.D.N.Y. 2014) (citing *Iqbal,* 556 U.S. at 678).

> "The question at the pleading stage is not whether there is a plausible *alternative* to the plaintiff's theory; the question is whether there are sufficient factual allegations

to make the complaint's claim plausible.... [T]here may ... be more than one plausible interpretation of the defendant's words, gestures, or conduct. Consequently, although an innocuous interpretation of the defendants' conduct may be plausible, that does not mean that the plaintiff's allegation that that conduct was culpable is not also plausible.... [O]n a Rule 12(b)(6) motion it is not the province of the court to dismiss the complaint on the basis of the court's choice among plausible alternatives. Assuming that [plaintiff] can adduce sufficient evidence to support its factual allegations, the choice between or among plausible interpretations of the evidence will be a task for the factfinder." *Anderson News,* 680 F.3d at 189-90.

In deciding a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *see also ASARCO LLC v. Goodwin*, 756 F.3d 191, 198 (2d Cir. 2014); *Haggood v. Rubin & Rothman, L.L.C., 20*14 U.S. Dist. LEXIS 161674, at *14-16 (E.D.N.Y. Nov. 17, 2014).

Furthermore, Rule 8(a) of the Federal Rules of Civil Procedure requires, "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard that merely requires that a complaint, "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1947); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). A plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face to nudge [ ] [his or her] claims across the line from conceivable to plausible." *Id*. at 570. A plaintiff need not plead all the elements of a prima facie case in order to withstand a 12(b)(6) motion. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506. (2002). *Swierkiewicz's* holding remains good law after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Twombly. EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014).

Subsequent to *Twombly,* the Supreme Court clarified any doubt about a heightened pleading standard by reiterating that Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' and that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93- 94 (2007). Further, when deciding a motion to dismiss pursuant to Rule 12(b)(6), "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence to support her claims." *Palkovic v. Johnson*, NO. 06 Civ. 12600, 2008 U.S. App. LEXIS 12600 at *5 (2d Cir. June 13, 2008).

The Court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." *Leavitt v. Bear Sterns & Co*., 340 F. 3d 94, 101 (2d Cir. 2007). As set forth below, the Amended Complaint certainly satisfies this standard. In this case, Plaintiffs plead sufficient and detailed facts demonstrating Defendants' liability, and Plaintiffs respectfully seeks to proceed with discovery.

## PLAINTIFFS HAVE ESTABLISHED SUBJECT MATTER JURISDICTION

First, the Moving Defendants erroneously argue that this Court lacks subject matter jurisdiction on the basis that no private right of action may be drawn from the federal criminal statutes relied upon by Plaintiffs in Count XI.[1] In support of this erroneous contention, the Moving Defendants cite to *Alexander v. Sandoval*, 532 U.S. 275 (2001); however, in *Sandoval*, at 286, Justice Scalia, writing for the majority, stated that "The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but

---

[1] This Court has supplemental jurisdiction over the related state law and local ordinance claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under New York law form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with Plaintiff's federal law claims, and the parties are identical. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

also a private remedy." Notably, a statute does not need to expressly state that a private right or remedy exists - the Court acknowledged that *statutory intent* to determine if a statute contains an implied cause of action is determinative. Justice Scalia's reasoning supports Plaintiffs' reliance on *Chumney v. Nixon*, 615 F.2d 389 (6th Cir.1980), for the proposition that **courts may infer statutory intent to provide a private right of action**, "A civil action for damages would certainly be consistent with the overall congressional purpose and we believe should be inferred therefrom." *Id*. at 394.

In *Chumney*, Plaintiffs sought to recover for injuries sustained in a physical assault on one plaintiff on a charter flight from Rio de Janeiro to Memphis, Tennessee, at a time when the aircraft was over Brazilian jungle. The Court found that Plaintiffs had a private civil cause of action against the alleged perpetrators of the assault under a federal criminal statute, 49 U.S.C. s 1472(k) – essentially the same statute Plaintiffs rely on in the instant action[2] - which provides penalties for personal assaults on any aircraft within special aircraft jurisdiction of the United States in light of comprehensive legislation protecting safety of passengers flying on aircraft intended to land at United States airports, or on aircraft bound for foreign lands after departure from United States. *Id*. at 389. The Sixth Circuit reasoned,

> "In our instant case, each plaintiff is clearly "one of the class for whose especial benefit" the statutes here involved were created. We find no specific language in the legislative history of the statutes previously cited which shows specific intent to create a civil remedy or which prohibits inference of such intent. It is clear to us that Congress has taken care in comprehensive legislation to protect the safety of passengers flying on United States airlines or flying on aircraft intended to land at United States airports or on aircraft bound for foreign lands after departure from an airport in the United States. A clear-cut purpose has been defined in federal legislation and the federal courts have been given specific jurisdiction to impose criminal penalties against those who commit simple or felonious assaults on aircrafts under the conditions described above. **A civil action for damages would certainly be consistent with the overall congressional purpose and we believe should be inferred therefrom.**" *Id.* at 394 (6th Cir. 1980).

---
[2] 49 U.S.C. § 46506 was merely a recodification of an already existing statute, 49 U.S.C. App. § 1472(k).

As *Chumney's* holding was never overturned, the doctrine of *stare decisis* requires this Court to follow *Chumney's* precedent. While *Sandoval* states that there must be statutory intent, *Chumney* stands for the proposition that intent may be inferred in a civil action for damages arising from 49 U.S.C. App. § 1472(k) (which was later recodified as 49 U.S.C. § 46506). Notably, caselaw since *Sandoval* and *Chumney,* still recognize *Chumney's* validity. See *Head v Wise*, 1:22-CV-464, 2022 WL 2811635, at *2 [WD Mich June 24, 2022], *report and recommendation adopted*, 1:22-CV 464, 2022 WL 2806387 [WD Mich July 18, 2022] ("*Chumney* held only that under a criminal law providing for the punishment of persons guilty of assault on an airplane, there is a private right of action."). As Plaintiffs bring Count XI under 49 U.S.C. § 46506, the Court may infer that this civil action for damages would certainly be consistent with the overall congressional purpose inferred therefrom as determined in *Chumney*. Moreover, Defendants fail to cite any binding authority in the Second Circuit which holds that a civil action for damages stemming from personal assaults on any aircraft within special aircraft jurisdiction of the United States is inconsistent with the overall congressional intent of 49 U.S.C. § 46506. As a result, subject matter jurisdiction exists with respect to Plaintiffs' claims for acts that occurred within the jurisdiction of the United States.

**PLAINTIFFS' FEDERAL STATE AND CITY CLAIMS ARE NOT TIME-BARRED**

Next, Defendants incorrectly argue that "Even if a criminal statute created a private right of action, the claim here would be time-barred on its face and thus could not support federal question jurisdiction."

"Where a federal statute provides a cause of action but does not specify a limitations period, courts determine the appropriate statute of limitations in one of two ways." *Schumacher v. AK Steel Corp. Ret. Accumulation Pension Plan*, 711 F.3d 675, 682 (6th Cir. 2013) (*citing McCormick v.*

*Miami Univ.*, 693 F.3d 654, 662 (6th Cir.2012). "If a federal cause of action *arises under* a post–1990 amendment, the courts apply the four-year statute of limitations as provided by 28 U.S.C. § 1658. If that is not the case, the courts borrow the state's most analogous limitations period." See id. Thus, the critical inquiry is whether Plaintiffs' federal claim arises under a post-1990 amendment (it does not).

In the case at hand, the special aircraft jurisdiction criminal statute, 49 U.S.C. § 46506, was enacted in 1994; however, 49 U.S.C. § 46506 was merely a recodification of an already existing statute, 49 U.S.C. App. § 1472(k), which was enacted prior to 1990.[3]

Contrary to Defendants' argument that Plaintiffs' federal claim for personal assaults on any aircraft within special aircraft jurisdiction of the United States arises from the 1994 enactment of 49 U.S.C. § 46506, actions for personal assaults on any aircraft within special aircraft jurisdiction of the United States predate both 49 U.S.C. § 46506 and the passage of § 1658. The ability to bring a claim for personal assaults on any aircraft within special aircraft jurisdiction of the United States was in existence before 49 U.S.C. § 46506. Furthermore, the mere recodification of 49 U.S.C. § 46506 did not make any substantive changes to its predecessor, 49 U.S.C. App. § 1472(k). Because passage of 49 U.S.C. § 46506 did not create a new right to bring an action for personal assaults on any aircraft within special aircraft jurisdiction of the United States, it cannot be said that Plaintiffs' claim "arises under" the post-1990 recodification.[4] Thus, the four-year catchall limitations provision does not apply, and the Court should apply the most closely analogous limitations period.

---

[3] On July 5, 1994, the aircraft piracy and other aircraft offenses which previously appeared in the Appendix to Title 49, United States Code, were recodified in Title 49 by Public Law No. 103-272, § 1(e), 108 Stat. 1240-45. See https://www.justice.gov/archives/jm/criminal-resource-manual-1403-aircraft-piracy-and-other-title-49-aircraft-offenses-public-law

[4] See *Schumacher* at 682 ("The Supreme Court has held that § 1658 applies to claims "arising under" amendments to pre-existing statutes…" however, "Contrary to Appellants' argument that the Class's claim for the payment of benefits arises from the 1994 Retirement Protection Act ("RPA"), whipsaw actions predate both the RPA and the passage of § 1658. *Thompson,* 716 F.Supp.2d at 762 (finding that RPA "did not 'create a new right' for the plaintiffs that did not

The most closely analogous statute of limitations under state law is New York's "Adult Survivor's Act" under Senate Bill S66A (hereinafter referred to as "ASA"), signed by New York Governor Kathy Hochul on May 24, 2022. The ASA extends the statute of limitations for civil rape cases in New York. The ASA allows survivors of sexual abuse to bring expired claims for one (1) year, beginning six (6) months after the effective date and ending one (1) year and six (6) months after the effective date.

The effective date of the law is May 24, 2022. Accordingly, Plaintiff initiated this action March 20, 2023 - ten (10) months after the effective date but not more than one (1) year and six (6) months after the effective date. § 214-j of the Civil Practice Law and Rules provides as follows:

> Certain sexual offense actions. **Every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against such person who was eighteen years of age or older, […] which is barred as of the effective date of this section because the applicable period of limitation has expired, […] is hereby revived**, and action thereon may be commenced not earlier than six months after, and not later than one year and six months after the effective date of this section. In any such claim or action, dismissal of a previous action, ordered before the effective date of this section, on grounds that such previous action was time barred, and/or for failure of a party to file a notice of claim or a notice of intention to file a claim, shall not be grounds for dismissal of a revival action pursuant to this section.

Defendants' argument that courts are required to apply "general or residual," state statutes of limitations is misguided. Defendants rely on cases such *Coe v. Regan* and *FL v. Hilton Cent. Sch. Dist.*, 2022 WL 1665160, at *3 (W.D.N.Y. May 25, 2022)*; however, these cases focus

---

previously exist" with respect to a claim involving their lump-sum payments). The ability to bring a claim for benefits under ERISA § 502(a)(1)(B) was in existence before the RPA. Furthermore, the RPA did not make any substantive changes, but simply changed the definition of "applicable interest rate." The 1994 RPA requires the calculation of lump-sum payments by using an "applicable mortality table" and an "applicable interest rate" based on thirty-year treasury rates. *Thompson v. Ret. Plan for Emps. of S.C. Johnson & Sons, Inc.,* 716 F.Supp.2d 752, 762 (E.D.Wis.2010). Because passage of the RPA did not create a new right to bring a whipsaw action, it cannot be said that the Class's claim "arises under" the post 1990 amendment. The district court correctly concluded that the Class's complaint was timely filed."

specifically on Child Victims Act claims arising under § 1983 claims and are therefore inapposite to the case at hand. *See* No. 19CV05327ENVVMS, 2022 WL 467053, at *4 (E.D.N.Y. Feb. 3, 2022), *aff'd sub nom. Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101 (2d Cir. 2023) ("As the Court declines to depart from the well-settled principle within this circuit that "[t]he statute of limitations for § 1983 actions arising in New York is three years."). Significantly, Plaintiffs do not bring claims under § 1983 and therefore whether the Court should apply the statute of limitation enumerated by the ASA in connection with Plaintiffs' claim arising under 49 U.S.C. § 46506 is a matter of first impression. Based on the foregoing, Plaintiffs federal claim under 49 U.S.C. § 46506 is timely and should proceed.

In addition, Plaintiffs' NYSHRL and NYCHRL claims are also timely under the ASA. Defendants state in wholly conclusory and perplexing fashion that the ASA does not cover Plaintiffs' claims under the NYSHRL and NYCHRL, but fail to cite any authority in support of this absurd assertion. Aside from Plaintiffs' federal claim (Count XI), all remaining claims are asserted under the statute of limitations enumerated by the ASA (Counts I-X). *See* Am. Compl. ¶ 2. The plain language of the ASA clearly states that it applies to, "**Every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered…**" Moreover, none of these claims are barred by collateral estoppel as discussed below and no preclusive effect should be given to State Court Action 1.

### PLAINTIFFS HAVE ESTABLISHED PERSONAL JURISDICTION AND DEFENDANTS CANNOT SUCCESSFULLY INVOKE COLLATERAL ESTOPPEL

Plaintiffs have established personal jurisdiction over the Moving Defendants as the acts giving rise to Plaintiffs' claims occurred within the Eastern District of New York. *See* Am. Compl. ¶¶ 47, 51, 52, 54-56, 62-67, 83-86, 129-133, 151-153, 170-172. "[T]o successfully oppose such a

motion, the plaintiff need only make a *prima facie* showing that the defendant was subject to the personal jurisdiction of the court" (*America/International 1994 Venture*, 146 AD3d at 51). A court may exercise personal jurisdiction over any non-domiciliary who: (1) transacts business within NYS or contracts anywhere to supply goods or services in NYS; or (2) commits a tortious act within NYS; or (3) commits a tortious act outside NYS causing injury to a person within NYS; or (4) owns, uses, or possesses any real property within NYS (*see* CPLR 302 [a] [1]-[4]).

Plaintiffs have made a *prima facie* showing that Defendant S. HARIRI is subject to the personal jurisdiction of the Court in accordance with CPLR 302(a)(1), (2), and (3). In accordance with CPLR 302(a)(1), Plaintiffs allege that Defendant S. HARIRI often traveled to/from New York to transact international business. Upon information and belief, Defendant S. HARIRI regularly conducted and/or solicited business in New York. See Am. Compl. ¶ 28. In accordance with CPLR 302(a)(2), as discussed *supra*, Plaintiffs' Amended Complaint is replete with allegations that Defendant S. HARIRI committed tortious and unlawful acts within NYS. In accordance with CPLR 302(a)(3), as discussed *supra*, Plaintiffs' Amended Complaint is replete with allegations that Defendant S. HARIRI's tortious and unlawful conduct caused injury to Plaintiffs within NYS.

Moreover, "The Constitution does not limit venue for in-flight federal crimes to the district sitting directly below a plane at the moment a crime was committed. Such in-flight crimes are covered by 18 U.S.C. § 3237(a) and may be prosecuted in the flight's landing district." *United States v Lozoya*, 982 F3d 648, 657 [9th Cir 2020]. "Although the case could be brought in state court—if the state could be identified—pursuant to the state's concurrent jurisdiction, special aircraft jurisdiction eliminates the difficulties that could arise in determining

which state's airspace the plane occupied at the time of the incident." *United States v Moradi*, 706 F Supp 2d 639, 644 [D Md 2010].

Defendants erroneously argue that Plaintiffs are collaterally estopped from asserting personal jurisdiction as to Defendant S. HARIRI based upon the Court's decision in State Court Action 1. However, any attempt to invoke collateral estoppel is only with respect to the Court's decision regarding personal jurisdiction over Defendant S. HARIRI, because the Court found subject matter jurisdiction in State Court Action 1.

Significantly, Defendants are unable to invoke collateral estoppel for a variety of reasons: 1) the issues in both proceedings are not identical as the Amended Complaint in this action is materially different from the complaint filed in State Court Action 1; 2) the issues in State Court Action 1 were not "actually litigated," because; 3) Plaintiffs were never provided with a full and fair opportunity to submit briefing in State Court Action 1.

First and foremost, in State Court Action 1, only Defendants S. HARIRI and CONLON were named as Defendants, thus there is no identity of parties. Moreover, the Court only granted the motion to dismiss against Defendant S. HARIRI (meaning Plaintiffs' claims against CONLON are still active). Defendants now rely only on federal precedent, where only state court precedent is relevant to this inquiry. Notably, the federal standard regarding dismissal on default is markedly different from the standard in state court. In federal court, dismissal on default is with prejudice, whereas in state court dismissal is without prejudice. See *Conniff v 32 Gramercy Park Owners Corp.*, 91 AD3d 510 (1st Dept 2012) ("The dismissal should have been without prejudice because the court dismissed the complaint upon plaintiff's default in failing to oppose the motion to dismiss (*Hernandez v. St. Barnabas Hosp.,* 89 A.D.3d 457, 931 N.Y.S.2d 875 [2011]; *Aguilar v. Jacoby,* 34 A.D.3d 706, 708, 827 N.Y.S.2d 77 [2006] ). Furthermore, the Court's decision in State Court

Action 1 was not on the merits as the Court never expressly stated as much. See *Pretzel Time, Inc. v. Pretzel Int'l, Inc.*, No. 98 Civ. 1544, 1998 WL 474075, at *3, *5 (S.D.N.Y. Aug. 10, 1998) ("C.P.L.R. § 3211(a)(7) ... decisions are not on the merits for res judicata purposes unless the court expressly says so."); see also *Pereira v. St. Joseph's Cemetery*, 78 A.D.3d 1141, 912 N.Y.S.2d 121, 122 (N.Y.App.Div.2010) ("[A] dismissal for failure to state a cause of action is not on the merits and, thus, will not be given res judicata effect.");

Most importantly, Plaintiffs were deprived of their ability to present briefing in State Court Action 1 and therefore it cannot be said that they had a full and fair opportunity to litigate the issue. The "full and fair opportunity to litigate" requirement for an issue to be precluded by collateral estoppel cannot be resolved simply by finding that "the party against whom the determination is asserted was accorded due process in the prior proceeding." *Bd. of Educ. v. N.Y. State Div. of Human Rights*, 106 A.D.2d 364, 365 (N.Y. App. Div. 1984). The Court must practically assess various aspects of the prior litigation to determine whether the party has "had his day in court." *In re Rea*, 606 B.R. 531, 539 (Bankr. S.D.N.Y. 2019). Typically, courts have looked to 1) the level of participation in the prior litigation and 2) the nature of the record. See *Collier on Bankruptcy* ¶ 523.06 (Matthew Bender & Co., Inc. eds., 16th ed. 2011). Based on the record in State Court Action 1, it certainly cannot be said that Plaintiffs had their "day in court." Defendants are attempting to take advantage of a gross injustice for their benefit in this action.

In State Court Action 1, the Court erroneously determined that Plaintiffs' notice of voluntary discontinuance was untimely on the basis that Defendants' motion to dismiss was considered a "responsive pleading." However, both the First and Fourth Departments have established that motions to dismiss are not "responsive pleadings," and thus where plaintiffs file notices of voluntary discontinuance after defendants made motions to dismiss but before they

answered, they are considered timely discontinued. See *Harris v. Ward Greenberg Heller & Reidy LLP,* 151 A.D.3d 1808, 1808–09 (2017) and *315 W. Enterprises LLC v. Robbins*, 171 A.D.3d 466, 467 (2019).

In *Harris,* the Fourth Department held, "CPLR 3217 provides, in relevant part, that '[a]ny party asserting a claim may discontinue it without an order ... by serving upon all parties to the action a notice of discontinuance at any time *before a responsive pleading* is served or, if no responsive pleading is required, within twenty days after service of the pleading asserting the claim and filing the notice with proof of service with the clerk of the court.' Thus, the statute provides a plaintiff with "an absolute and unconditional right to discontinue an action prior to the service of a responsive pleading." Citing (*Minkow v. Metelka,* 46 A.D.3d 864, 864, 848 N.Y.S.2d 706). This method of discontinuing an action requires no intervention from the court (*see McMahon v. McMahon,* 279 A.D.2d 346, 348, 718 N.Y.S.2d 353; *Chandler v. Chandler,* 108 A.D.2d 1035, 1036, 485 N.Y.S.2d 604)."

Moreover, the Court found that Plaintiffs' "notices of discontinuance were not untimely because a motion to dismiss pursuant to CPLR 3211 is not a "responsive pleading" for purposes of CPLR 3217(a)(1). A motion pursuant to CPLR 3211 does not fall within the meaning of a "pleading" as defined by CPLR 3011. Rather, a "motion" is defined in the CPLR as "an application for an order" (CPLR 2211). Indeed, the terms "responsive pleading" and "motion to dismiss pursuant to CPLR 3211" are not used interchangeably in the CPLR but, rather, are treated as distinct, separate items. For instance, CPLR 3211(d) provides that, under certain circumstances, "the court may deny the [CPLR 3211] motion, allowing the moving party to assert the objection in his *responsive pleading* " ( [emphasis added] ). Likewise, CPLR 3211(e) provides that, "[a]t any time before service of the responsive pleading is required, a party may move on one or more

grounds set forth in [CPLR 3211(a) ]." It is clear from the language used throughout the CPLR that the Legislature did not intend a CPLR 3211 motion to be considered a "responsive pleading." In *Robbins*, Plaintiffs discontinued the action pursuant to CPLR 3217 and the First Department concurred with the Fourth Department in agreeing that a motion to dismiss is not a responsive pleading.

Despite the aforementioned precedent, in State Court Action 1, the Court erroneously determined that Plaintiffs' notice of voluntary discontinuance was untimely and failed to provide Plaintiffs with an opportunity to provide briefing in opposition (despite our request to do so). See Ex. A. Plaintiffs submitted their notice of voluntary discontinuance on June 13, 2022; however, the Court took no action in response. By letter dated July 28, 2022, Plaintiffs stated, "Plaintiffs discontinued this action prior to the return date of Defendants' motion to dismiss and therefore did not submit an opposition. We respectfully request that Your Honor direct the Clerk of the Court to discontinue this matter. In the event that Your Honor does not So Order Plaintiffs' Notice of Discontinuance, in the alternative, we respectfully request as a matter of justice and fairness that Your Honor permit Plaintiffs additional time to submit an opposition to Defendants' motion so that this matter may be decided on the merits." In spite of Plaintiffs' letter, the Court disregarded Plaintiffs' request and on December 28, 2022, issued a short form order granting Defendants' motion as "unopposed."

As Plaintiffs were deprived of their ability to submit briefing in connection with Defendants' motion to dismiss, they did not have a full and fair opportunity to litigate the issue. See *Martinez v. New York City Transit Auth.*, 203 A.D.3d 87, 92, 162 N.Y.S.3d 11, 15 (2022) ("Because this Court found that the TA was deprived of its ability to fully present evidence of its entitlement to qualified immunity, we cannot say that it had a full and fair opportunity to litigate

the issue."). Based on the foregoing, Defendants may not successfully invoke the doctrine of collateral estoppel and their motion to dismiss should be denied in its entirety on the basis that Plaintiffs have sufficiently established personal jurisdiction.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion to Dismiss should be denied in its entirety, and for such other and further relief as the Court deems just and proper.

Dated: October 27, 2023
       New York, New York

                                            Respectfully submitted,

                                            DEREK SMITH LAW GROUP, PLLC

                                            /s/Zack Holzberg
                                            Zack Holzberg, Esq.
                                            One Penn Plaza, Suite 4905
                                            New York, NY 10119
                                            Tel: (212)587-0760
                                            *Attorneys for Plaintiffs*