UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JANE DOE 1 and JANE DOE 2,

                Plaintiffs,

    -against-

SAAD EL-DIN RAFIK AL-HARIRI, BAHAA
HARIRI, AYMAN HARIRI, MOHAMMED
HARIRI, ALI H. KOLAGHASSI, and HELEN
CONLON,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
23-cv-2145 (CBA) (RML)

**AMON, United States District Judge:**

Defendants Saad El-Din Rafik Al-Hariri ("Saad"), Bahaa Hariri ("Bahaa"), and Ayman Hariri ("Ayman") move to dismiss the claims, relating to sexual assault and gender discrimination, in Plaintiffs' Amended Complaint. (ECF Docket Entry ("D.E.") # 27 ("Def. Mot.").) For the following reasons, I GRANT their motion and dismiss the Amended Complaint in its entirety against all of the defendants because Plaintiffs have not met their burden to establish that subject matter jurisdiction exists.

## BACKGROUND

Plaintiffs Jane Doe 1 ("Doe 1") and Jane Doe 2 ("Doe 2"), residents of Australia and Wales respectively, bring claims against Saad, Bahaa, Ayman, Mohammed Hariri ("Mohammed"), Ali Kolaghassi ("Kolaghassi"), and Helen Conlon ("Conlon") (collectively, the "Defendants"). (D.E. # 20 ("Am. Compl.").)[1] Plaintiffs allege that Saad, who was the owner and proprietor of Saudi Oger, a Saudi airline, and who served as the Prime Minister of Lebanon from 2009-2011 and 2016-

---

[1] The background facts of this case are taken from the Amended Complaint, which Plaintiffs filed to remediate deficiencies asserted by Plaintiffs with respect to subject matter jurisdiction, personal jurisdiction, and the liability of the other Defendants for alleged assaults by Saad. (See generally D.E. # 21, Ex. A (redlined version of Amended Complaint).)

1

2020, employed Plaintiffs as flight attendants on his personal jet. (Id. ¶¶ 24-25.) Plaintiffs allege that, while on board Saad's jet on flights leaving from or heading to New York, Saad sexually harassed them and assaulted them on multiple occasions between 2006 and 2009. (See id. ¶¶ 48-50, 53-58, 64-69, 86-89 (Doe 1); id. ¶¶ 106-23, 131-37, 141-57, 159-64 (Doe 2); id. ¶ 180 (both Plaintiffs).) In addition, Doe 2 alleges that Bahaa made unwelcome sexual comments to her on multiple occasions. (Id. ¶ 103.)

Plaintiffs also claim that the defendants other than Saad, all of whom were in upper management positions at Saudi Oger at the time (id. ¶¶ 29-39), intentionally ignored Plaintiffs' reports of the assaults, thus enabling Saad to continue assaulting and harassing them (e.g., id. ¶¶ 72-73, 77-82, 127-28, 139-40). According to Plaintiffs, when they continued to complain about Saad's conduct, they were punished. Doe 1 was first "forced to work three (3) straight months, without any time off, after she complained to [Conlon]" about Saad's behavior, and Conlon ultimately did not give her a reference and "blacklist[ed] her within the aviation industry" after she left Saudi Oger. (Id. ¶¶ 84-85, 93-95, 100 (internal quotation marks omitted).) Doe 2 was terminated by Saudi Oger; her next potential employer then abruptly withdrew its employment offer shortly before her job trial was scheduled to begin. (Id. ¶¶ 167-68.)

Plaintiffs bring one federal claim against Saad, for violation of 49 U.S.C. § 46506, which applies criminal laws, including laws against sexual assault, sexual abuse, and abusive sexual contact, to acts committed on aircraft within the "special aircraft jurisdiction of the United States." (Am. Compl. ¶¶ 249-56 (citing 49 U.S.C. § 46506; 18 U.S.C. §§ 2241, 2242, 2244).). Plaintiffs also bring four state law claims against Saad: (1) intentional infliction of emotional distress (id. ¶¶ 204-09); (2) a crime of gender-motivated violence in violation of N.Y.C. Admin. Code § 8-904 (id. ¶¶ 210-14); (3) assault and battery (id. ¶¶ 215-218); and (4) false imprisonment (id. ¶¶ 225-

2

29). Additionally, Plaintiffs bring the following claims against all defendants: (1) negligent infliction of emotional distress (id. ¶¶ 219-24); (2) aiding and abetting discriminatory behavior under N.Y. Exec. Law § 296(6) (id. ¶¶ 230-32); (3) retaliation for opposing discriminatory employment under N.Y. Exec. Law § 296(7) (id. ¶¶ 233-36); (4) unlawful discriminatory practices under N.Y.C. Admin. Code § 8-107(1) (discrimination on the basis of sex) (id. ¶¶ 237-41); (5) aiding and abetting discriminatory behavior under N.Y.C. Admin. Code § 8-107(6) (id. ¶¶ 242-45); and (6) unlawful discriminatory practices under N.Y.C. Admin. Code § 8-107(19) (coercing, intimidating, or threatening to interfere on account of exercising rights against discrimination) (id. ¶¶ 246-48).

## STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs a "lack of jurisdiction over subject matter." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Federal courts are "duty bound . . . to address the issue of subject matter jurisdiction at the outset." Filetech v. France Telecom S.A., 157 F.3d 922, 929 (2d Cir. 1998), overruled on other grounds, Lotes Co. v. Hon Hai Precision Indus. Co., 753 F.3d 395 (2d Cir. 2014).

## DISCUSSION

Plaintiffs' only federal claim in the Amended Complaint—and their only basis for federal subject matter jurisdiction under 28 U.S.C. § 1331(a)—is their eleventh cause of action for violation of 49 U.S.C. § 46506. (D.E. # 29 ("Pls. Opp'n") 7-9.) Section 46506 is a criminal statute that provides, in relevant part:

> An individual on an aircraft in the special aircraft jurisdiction of the United States who commits an act that [] if committed in special maritime and territorial

3

> jurisdiction of the United States . . . would violate section 113, 114, 661, 662, 1111, 1112, 1113, or 2111 or Chapter 109A of title 18, shall be fined under title 18, imprisoned under that section or chapter, or both.

The "special aircraft jurisdiction" is defined as including foreign aircraft while in flight to or from the United States. Id. § 46501(2). One of the statutory sections mentioned in the list is Chapter 109A, which includes criminal prohibitions on various kinds of sexual abuse. See 18 U.S.C. § 2241 (aggravated sexual abuse); § 2242 (sexual abuse); § 2244 (abusive sexual contact). Plaintiffs ask me to infer a private right of action against Saad and the other Defendants, whom Plaintiffs allege assaulted them or aided and abetted their assault. (Pls. Opp'n 7-9.) Plaintiffs further contend that once a private cause of action is inferred, this Court would have supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a). (Id. 7 n.1.)

Defendants argue that this statute is a purely criminal statute that provides only for prosecution by the federal government and punishment by fine or imprisonment, not for a private right of action by individuals. (Def. Mot. 8.) I agree. Two decades ago, the Supreme Court "strictly curtailed the authority of the courts to recognize implied rights of action." Lopez v. Jet Blue Airways, 662 F.3d 593, 596 (2d Cir. 2011). In Alexander v. Sandoval, 532 U.S. 275, 287 (2001), the Court held that, in order to determine if a statute provides for a private right of action, a court is tasked with determining statutory intent by looking only to the text and structure of the statute. See id. at 288 n.7 (explaining that "the interpretive inquiry begins with the text and structure of the statute, and ends once it has become clear that Congress did not provide a cause of action") (internal citation omitted). The Court in Sandoval retreated from the earlier, more expansive test in J. I. Case Co. v. Borak, 377 U.S. 426 (1964), which permitted a court to consider whether inferring a private right of action would effectuate congressional purpose. Id. at 287. The Second Circuit has also recognized that Sandoval requires that "a review of the text and structure

of a statute yield a clear manifestation of congressional intent to create a private cause of action before a court can find such a right to be implied." Lopez, 662 F.3d at 596.

Moreover, it is "well established . . . that federal criminal statutes do not provide private causes of action." Maskanian v. Wells Fargo & Co., No. 21-cv-5361 (KAM), 2023 WL 4086430, at *4 (E.D.N.Y. June 20, 2023) (internal quotation marks omitted); see also, e.g., Hill v. Didio, 191 F. App'x 13, 14-15 (2d Cir. 2006) (summary order) ("As a general matter, we have long recognized that crimes are prosecuted by the government, not by private parties." (citation omitted)); Spanierman v. 4 Park Ave. Assocs., LLC, No. 20-cv-4372 (LLS), 2020 WL 4547616, at *2 (S.D.N.Y. Aug. 4, 2020) (collecting cases). Courts have applied this principle both with respect to Title 18 generally, and with respect to these sections specifically. Limtung v. Thomas, No. 19-cv-3646 (RRM), 2019 WL 6253815, at *3 (E.D.N.Y. Nov. 21, 2019) ("Title 18 of the United States Code encompasses laws on crimes and criminal procedure, and there is no private right of action for violations of a criminal statute."); Lampon-Paz v. Dep't of Justice, No. 16-cv-9071 (KM), 2019 WL 2098831, at *7 (D.N.J. May 14, 2019), aff'd, 793 F. App'x 137 (3d Cir. 2019) (holding that 18 U.S.C. §§ 2242, 2243, 2244 are "criminal statutes relating to sexual abuse" and "do not create a private right of action").

Nothing in the text or structure of section 46506—which merely extends those Title 18 statutes to the special aircraft jurisdiction—indicates that Congress intended to provide any private right of action in addition to the criminal penalties of fine or imprisonment. See Smith v. Gerber, 64 F. Supp. 2d 784, 785 (N.D. Ill. 1999) (holding that 49 U.S.C. § 46504, a statute that prohibits interference with a flight attendant, "is a criminal statute" and "does not provide for a private right of action, nor is there anything in its language or structure suggesting that Congress intended to create one"). One rule of interpretation the Supreme Court provided in Sandoval is particularly

relevant here: "The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." 532 U.S. at 290. In this statute, Congress's express provision of the remedies of fine or imprisonment indicate that Congress did not intend to provide for the alternative enforcement method of a private right of action.

Plaintiffs do not point to anything in the language or structure of section 46506 that would indicate congressional intent to provide for a private right of action. They rely only Chumney v. Nixon, 615 F.2d 389 (6th Cir. 1980). (Pls. Opp'n 8.) As an initial matter, Chumney is a non-binding decision of another circuit. More to the point, it predates Sandoval's limitation on inferring private rights of action. The Chumney court explicitly relied on Borak's "very broad language" allowing courts to infer private rights of action "as are necessary to make effective the congressional purpose," 615 F.2d at 393, a standard which—as explained above—was rejected in Sandoval, 532 U.S. at 287. Plaintiffs have failed to show that a private cause of action exists under section 46506. Therefore, Plaintiff's eleventh cause of action is dismissed.

## CONCLUSION

Having dismissed Plaintiffs' sole federal cause of action, I find that I have no subject matter jurisdiction over any of Plaintiffs' remaining claims, so I GRANT the moving Defendants' motion to dismiss the Amended Complaint in its entirety as to all Defendants. I grant this motion to dismiss with prejudice to refiling in this Court, as any amendment will be futile given the absence of subject matter jurisdiction.

SO ORDERED.

Dated: January 26, 2024
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge